**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CALVIN VAN REESE,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:13-cv-690-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's claim for Supplemental Security Income benefits. For the reasons set forth herein, the decision is **AFFIRMED.**

## Procedural History

Plaintiff protectively filed an application for supplemental security income, alleging disability beginning on August 12, 2009, due to high blood pressure, stroke, and lower back pain (R. 153-58, 183). The agency denied the application initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ"). The ALJ issued an unfavorable decision on July 29, 2011 (R. 22-38), and the Appeals Council denied his request for review (R. 13-18), making the ALJ's decision the final decision of the Commissioner.

Plaintiff[1] timely filed his Complaint for review in this Court (Doc. 1), and the parties consented to the jurisdiction of the United States Magistrate Judge. In view of Plaintiff's *pro se* status, the Court provided an expanded opportunity for Plaintiff to file his brief on the merits.

---

[1] Plaintiff was represented by counsel in the administrative proceedings below, but is prosecuting this action for review *pro se.*

Plaintiff has tendered only a scant memorandum, despite this extra time. The Commissioner has filed his brief (Doc. 22) and the Court finds the briefing is now as complete as the parties wish to make it. The matter is now ready for review under 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g).

## Summary of Evidence Before the ALJ

Plaintiff was forty seven years of age at the time of the ALJ's decision (R. 153), with a ninth-grade education and vocational training in carpentry and cooking (R. 59, 188). Plaintiff has past relevant work as a kitchen worker, cook, and cleaner/janitor (R. 84-85, 184).

The medical evidence relating to the pertinent time period is scant, but detailed in the ALJ's opinion. In the interest of privacy and brevity, it will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of treating providers, the record includes the testimony of Plaintiff and a Vocational Expert; written forms and reports completed by Plaintiff; and opinions from state agency consultants. By way of summary, the ALJ determined that Plaintiff has the following severe impairments: status post cerebrovascular attack (CVA); lumbar degenerative disc disease; hypertension; intermittent blurry vision (20 CFR 416.920(c)), and the record supports this uncontested finding (R. 27). The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926) (R. 27). The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except that he cannot climb ladders, ropes or scaffolds, and can occasionally perform other postural movements; must avoid exposure to hazards; can carry out simple instructions and perform simple and routine tasks; is limited to occupations requiring no fine visual acuity, only occasional operation of foot controls with the left leg, and only occasional pushing and pulling with the left leg and left arm.

(R. 28).

The ALJ determined that Plaintiff could not return to his past relevant work (R. 30); however, with the assistance of the Vocational Expert, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 31-32), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R.

§ 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ proceeded through all five steps of the analysis and concluded that there were other jobs in the national economy that Plaintiff could perform.

Plaintiff's brief reads, in total:

The only thing that needs to be pointed out is that the light duty they say I can do can't be done.
Toll booth attendant: [Stroke] kill[ed] some of my brain cells to my eyes, even with glass[es] I have to [strain] to see, how to give back change. Plus I would have to sit for hrs in one spot, on a stool with no back. That also goes for garage cashier.

(Doc. 16).

Construed liberally, the Court interprets this as an objection to the RFC finding at steps two and three and an assertion that the ALJ's findings with respect to step five in the analysis are not supported by substantial evidence. Upon review, the Court finds no error.

*Formulating the RFC*

Title 20 C.F.R. §404.1545(a)(3) requires the ALJ to consider all medical evidence when formulating a residual functional capacity. The ALJ has a duty to make clear the weight accorded to

each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*quoting Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

An impairment or combination of impairments is "severe" within the meaning of step two of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[2] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities.

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per

---

[2]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

As summarized above and not challenged by Plaintiff, the ALJ found at step two of the analysis that Plaintiff had suffered a cerebrovascular attack (a stroke) and had residuals of intermittent blurry vision and hypertension. Plaintiff also has lumbar degenerative disc disease. As noted in the decision, however, to the extent the evidence supported credible work-related limitations, the ALJ fully accommodated them when he formulated an RFC which restricted Plaintiff to light work with additional limitations (no climbing ladders, no exposure to hazards, no fine visual acuity, occasional other postural movements, and restricted use of left foot, arm, and leg) (R. 19-22). To the extent Plaintiff's objections appear to contend that his vision and back pain precludes work within this RFC, the Court is unpersuaded. The issue is not whether evidence can support a different conclusion, but, as set forth above, whether substantial evidence supports the conclusion reached by the ALJ. Here, the ALJ throughly reviewed the medical records and set forth his rationale for the findings, noting:

> Since the CVA, the claimant has complained of some episodes of blurry vision, although not documented to the frequency or severity alleged or testified to. The record showed that he registered complaints at times, but also other visits in September 2009 (Exhibit 3F/1) and January 2010 (Exhibit 7F/2) where he denied blurry vision. Dr. Hate observed that the claimant had uncorrected 20/100 vision in the left eye and 20/50 vision in the right eye at his November 2009 consultative examination (Exhibit 4F/2). The claimant noted improvement in his right eye vision at the visit with Dr. Hate (Exhibit 4F/1). At the hearing, the claimant testified to daily

> episodes of vision loss in both eyes. His testimony regarding frequency and duration of such episodes varied during the hearing, and the records contain no complaints of such recurring loss of vision. Limitations to occupations not requiring fine visual acuity and restrictions from hazards adequately addresses any related limits.

(R. 29).

> Regarding the claimant's lumbar degenerative disc disease, remote x-rays and MRI results indicated some mild degeneration of the lumbar spine. Nitin Hate, M.D., reviewed a 2005 MRI that showed mild bulging at L3-L4, L4-L5, and L5-Sl, which was consistent with the claimant's stated history. (Exhibit 4F/2-4). Complaints and treatment for this problem has been infrequent and very conservative in nature with just non-steroidal anti-inflammatory (NSAID) medicines. For example, the nurse practitioner at Orange Blossom Family Health Center noted a history of lumbar disc disease but no physical findings of back problems in January 2010 (Exhibit 7F). The claimant was working a medium exertional job prior to his CVA, which he stopped after the CVA and not because of back-related allegations. I have sufficiently accounted for this impairment by limiting him to light work.

(R. 28). As these conclusions comply with the legal standard and are amply supported by the cited record evidence, no error is shown.

*Step five*

To the extent Plaintiff challenges the vocational findings at step five, the Court finds the Commissioner met his burden of proof and substantial evidence supports the finding. As noted above, the RFC adopted by the ALJ included certain limitations to accommodate credible impairments of intermittent blurry vision and back pain. At hearing, the ALJ elicited testimony from a vocational expert regarding jobs that a hypothetical person with Plaintiff's RFC could perform, and the VE identified several light jobs such as hotel/motel cleaner, garage cashier, and toll collector (R. 85-87). This is sufficient evidence to meet the Commissioner's burden. By contrast, Plaintiff cites no evidence (other than his own belief) to show that, in fact, he cannot perform the jobs identified by the vocational expert. *See Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. Finally, the burden shifts back to the claimant to prove she is unable to perform the jobs suggested by the Secretary."). The record shows the ALJ

properly formulated the RFC, appropriately considered the testimony of the vocational expert, and found Plaintiff capable of performing work which exists in significant numbers in the national economy.

To the extent Plaintiff's argument is nothing more than a request for this Court to reweigh the evidence, such is not the standard of review. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, the decision is affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties